# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ALLAN WAYNE SHANK,

Defendant-Appellant.

UNPUBLISHED
January 9, 2018

No. 321534
Presque Isle Circuit Court
LC No. 12-092763-FC

ON REMAND

Before: BORRELLO, P.J., and HOEKSTRA and O'CONNELL, JJ.

PER CURIAM.

This case returns to us on remand from our Supreme Court "for plenary review of the defendant's sentencing claims, including that his sentence was disproportionate under the standard set forth in *People v Milbourn*, 435 Mich 630, 636 [; 461 NW2d 1] (1990)." *People v Shank*, ___ Mich ___; 902 NW2d 602 (2017). We affirm the trial court's upward departure sentence.

Defendant, Allan Wayne Shank, pleaded guilty to felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced Shank as a fourth-offense habitual offender, MCL 769.12, to consecutive sentences of 12 to 25 years' imprisonment for the felon in possession conviction, which was an upward departure from the minimum guidelines range of 7 to 46 months, and two years' imprisonment for the felony-firearm conviction.

We review the reasonableness of a trial court's sentencing decision using the abuse of discretion standard. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). We apply the principle of proportionality to determine whether the sentence was reasonable. *Id*. The trial court should identify the factors warranting a departure and justifying the extent of the departure. *Milbourn*, 435 Mich at 659-660. Factors relevant to the proportionality of a departure sentence "include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight." *People v Dixon-Bey*, ___ Mich App ___; ___ NW2d ___ (2017) (Docket No. 331499); slip op at 18-19 (citations omitted). Other factors include "the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *Id*. at 19 n 9 (quotation marks and citation omitted).

We conclude that the trial court's upward departure sentence did not violate the principle of proportionality. Shank facilitated communication between an imprisoned sex offender and an eight-year-old girl in an attempt to obtain a picture of the girl wearing only a necklace. Police found pictures of naked young girls in Shank's home. In addition, Shank previously facilitated communication between another young girl and an inmate serving a sentence for molesting a child that led to an additional conviction for the inmate for first-degree child abuse. Shank admitted to a 20-year history of pedophilia and sexual exploitation of children. Shank violated probation and parole and continued to harm young children even after spending several years in prison. These factors support the trial court's conclusion that Shank was not rehabilitated and continued to pose a danger to young children. The trial court noted that these factors went beyond those considered in scoring the offense variables. Consequently, the trial court did not abuse its discretion when it imposed the upward departure sentence.

Shank argues that the trial court improperly considered the sexual misconduct underlying the charge that the prosecution dismissed as part of the plea deal. We disagree. This case is distinguishable from *People v McGraw*, 484 Mich 120, 133-134; 771 NW2d 655 (2009), because the trial court in this case considered Shank's history for the purpose of imposing an upward departure, not for the purpose of assessing an offense-specific variable. The trial court did not abuse its discretion when it evaluated the full context of Shank's conduct surrounding the convictions because a departure sentence reflects considerations beyond those accounted for by the offense variables.

We affirm.

/s/ Stephen L. Borrello
/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell